**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5036**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BRANDON ELEAZOR JACKSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:12-cr-00007-H-1)

Submitted:  September 30, 2013          Decided:  October 9, 2013

Before NIEMEYER, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Eleazor Jackson appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Jackson contends that the district court erred in admitting into evidence the audio portion of a recording of his post-arrest interview with police. Jackson's sole claim is that the audio had no probative value and was unduly prejudicial. We affirm.

Federal Rule of Evidence 103 requires that, to preserve for appellate review an objection to evidence, the objection must be specific, timely, and of record. See United States v. Cabrera-Beltran, 660 F.3d 742, 751 (4th Cir. 2011) ("An objection to the admission of evidence must be both specific and timely."); United States v. Parodi, 703 F.2d 768, 783 (4th Cir. 1983) (holding party must "object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection and would have clearly stated the specific ground now asserted on appeal") (internal quotation marks, citation, and alteration omitted). We find that Jackson failed to object to the evidence on the specific ground that he now asserts on appeal.

We review unpreserved evidentiary objections for plain error. See Cabrera-Beltran, 660 F.3d at 751. Under this standard of review, Federal Rule of Criminal Procedure 52(b)

"authorizes an appeals court to correct a forfeited error only if (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights." Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (internal quotation marks and brackets omitted). Because Rule 52(b) is permissive, we should correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1127 (internal quotations marks and brackets omitted).

After reviewing the record, we conclude that the district court did not commit plain error in admitting the recording of Jackson's interview. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED